UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRISCOLL M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:25-cv-01574-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. Plaintiff contends the ALJ misevaluated the opinion of Nitin Dhiman, M.D. and requests remand for further proceedings. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

The ALJ rejected Dr. Dhiman's opinion Plaintiff "is limited to one hour of walking and one hour of standing in an eight-hour day" finding:

> the longitudinal record, discussed above, contains numerous references to normal gait, intact strength and sensation, negative straight leg raise, and no focal neurological deficits. Moreover, records subsequent to the claimant's surgery document significant improvement and largely unremarkable examination findings. Therefore, the record does not contain objective support for the standing and walking limitations; the undersigned finds that the record as a whole is more consistent with an ability to stand and walk three hours in an eight-hour workday with an allowance for position change.

ORDER REVERSING AND REMANDING - 1

Tr. 769.

Plaintiff contends the ALJ's rationale is insufficient and not supported by substantial evidence because it is conclusory, does not explain why the cited exam findings contradict Dr. Dhiman's opinion, and because the examinations cited by the ALJ support, rather than undercut Dr. Dhiman's opinion. The Commissioner disagrees. Dkt. 17.

In discussing the record, the ALJ observed Plaintiff has long suffered from pain and gastrointestinal problems, has problems walking, uses a cane, and is dependent upon opioids to manage his pain. Tr. 763-765. In 2017, Jos Cove, M.D. noted Plaintiff had normal gait during an office exam, surgery was reasonably necessary, and Plaintiff "had not had conservative treatment." Tr. 766.

In 2018, Plaintiff received epidural injections and said he "felt great" for a couple weeks, he still had pain, and his ability to walk remained limited. Tr. 766. In 2020, Plaintiff reported increased pain in his legs but could walk with a steady gait using a cane, Tr. 767. Although "imagining and examination findings indicate some worsening" of Plaintiff's condition, the ALJ found Plaintiff's gait and strength was intact and there is no indication an ambulatory device was needed. *Id.*

In 2021 Plaintiff underwent back surgery and said overall he felt better. However, in June 2022, Plaintiff told his surgeon he was experiencing intermittent stabbing pain in his thigh after walking "long distances or inclines." Tr. 767. The ALJ concluded Plaintiff had modest improvement followed by worsening and then significant improvement after surgery. Tr. 767-77.

The Commissioner contends the ALJ's recitation shows Plaintiff has normal gait "which undermines alleged problems standing and walking" because normal gait is a recognized ground to discredit standing or walking limitations. Dkt.17 at 5-6. The Court rejects the blanket

ORDER REVERSING AND REMANDING - 2

application of "normal gait" as grounds to discredit standing or walking limitations. The record shows Plaintiff's doctors observed normal gait in the office setting. There is nothing showing any doctor ever observed Plaintiff walking for more than a few moments. The record here stands in contrast to *Jeffery M. v. Comm'r of Soc. Sec.*, No.C245782-MLP, 2025 WL 1489732 at * 2 (W.D. Wash. May 22, 2025) which the Commissioner cites. In *Jeffery M.*, the record showed "the ease with which [Dr. Failoa] saw him move belied any disability." The Court accordingly concludes the ALJ erred in relying on normal gait to discredit Dr. Dhiman's opinion.

The Commissioner also contends the ALJ's determination is supported by records showing Plaintiff has normal leg strength, negative leg raise on test, and normal neurological findings. But the Commissioner acknowledges the record also shows, at times, the opposite. There is no dispute the ALJ failed to provide a specific explanation assessing these opposing findings in determining whether the record undercuts Dr. Dhiman's opinion. Plaintiff correctly contends this failure is error. The Commissioner disagrees and suggests the ALJ has no obligation to provide an explanation, so long as substantial evidence supports the ALJ's conclusions. The Court rejects this suggestion, as contrary to both regulation and caselaw. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id*. § 404.1520c(b)(2).").

The Commissioner also argues the ALJ properly evaluated the evidence of record which conflicted with Dr. Dhiman's opinion including how Plaintiff's pain complaints were properly

ORDER REVERSING AND REMANDING - 3

discounted, and how Plaintiff's pain improved after surgery. Dr. Dhiman indicated the record shows Plaintiff has "pretty consistent pain complaints," (Tr. 1849), and the ALJ stated Dr. Dhiman's opinion were "overall persuasive because it was based on a review of the record of most of the record and he considered the claimant's pain and limitations." Tr. 1814. But the ALJ did not state she was discounting Dhiman's opinions as inconsistent with the record regarding Plaintiff's pain complaints. The Court according declines to adopt the Commissioner's argument the ALJ properly rejected Dr. Dhiman's opinions based upon finding Plaintiff's pain levels were unsubstantiated, when the ALJ did not make this finding.

The Court according finds the ALJ erred in discounting Dr. Dhiman's standing and walking limitations and this error is harmful because the residual functional capacity determination fails to account for the limitation.

The Court therefore **ORDERS** the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Dhiman's opinions, develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 11th day of February, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 4